HARRY J. RYAN, Respondent, *v.* L. K. COMSTOCK & COMPANY, Appellant.

*Negligence — action for personal injuries occasioned by plaintiff's being struck by pipe dropped by employee of defendant — failure of counsel for plaintiff to question his physician as to his injuries.*

*Ryan* v. *Comstock & Co.*, 193 App. Div. 888, affirmed.

(Argued April 29, 1921; decided May 13, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 6, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was a pipe fitter and was employed by the H. G. Vogel Automatic Sprinkler Company at the time of the accident. His employer was doing work at a pier of the army supply base, foot of Fifty-eighth street, Brooklyn, and the defendant, being in the electrical contracting business, was also doing work there. Plaintiff was engaged at his work on the lower floor of the pier and the defendant's workmen were working above. The defendant's employee placed an iron pipe in a hole in the floor, above where plaintiff was working, for the purpose of bending it, and in bending it dropped it through the hole in the floor upon the head of the plaintiff working below causing the injuries complained of. The question presented upon this appeal was whether the trial justice was justified in refusing defendant's request to permit the jury to draw an unfavorable inference against the plaintiff from the failure of his counsel to question his physician as to his injuries.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellant.
*Philip A. Brennan* and *Frederick S. Lyke* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CHASE, HOGAN, CARDOZO, CRANE and ANDREWS, JJ.; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent on ground error was committed in refusing to charge as requested in respect to plaintiff's failure to examine Dr. Longo.